[Crim. No. 756.   Third Appellate District.—September 17, 1924.]

THE PEOPLE, Respondent, v. BUD GIBBS, Appellant.

[1] CRIMINAL LAW—INTOXICATING LIQUORS—ALLEGED MISCONDUCT OF JUROR—EVIDENCE.—In this prosecution for the unlawful sale of intoxicating liquor, defendant's claim for a reversal upon the ground that one of the jurors was guilty of misconduct cannot be upheld on appeal.

(1) 17 **C. J.**, p. 354, sec. 3715.

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial. H. D. Burroughs, Judge.   Affirmed.

The facts are stated in the opinion of the court.

C. C. Holl and Grover C. Julian for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The defendant was convicted of the unlawful sale of intoxicating liquor. This appeal is from the judgment of conviction and the order denying his motion for a new trial.   [1]   The only ground urged for a reversal is that one of the jurors was guilty of misconduct.

Two witnesses testified positively that the defendant made the alleged unlawful sale. The name of one of the witnesses so testifying is C. L. Fitch, a detective employed to secure evidence in liquor cases. On his *voir dire* examination, the juror whose conduct is complained of testified that he knew of no reason why he would not make a fair and impartial

1.   See 20 **Cal Jur.** 44; 20 **R. C. L.** 251.

juror and that he would not permit anything outside of the evidence to influence his verdict. At the hearing of defendant's motion for a new trial his counsel presented and read in evidence an affidavit made by a woman who had served as a juror in the trial of an earlier liquor case in which Fitch was a witness. She therein stated that during the progress of the trial of such earlier case the juror in question in the instant case, referring to the witness Fitch, said that "he thought the witness was a hard case, that he would hang a man for twenty-five cents" and that "he would not convict a man on Mr. Fitch's testimony." It appears that, after the jury had been sworn in the instant case, she related the foregoing facts to the trial judge. Thereafter, at the next adjournment of court, the trial judge said: "Certain matters having come to the attention of the court that require investigation, we will take a recess until 1:30 o'clock this afternoon." There is nothing in the record to indicate that any juror was aware of the communication which had been made to the trial judge or had any intimation of the nature of the matters referred to by the judge as requiring investigation or even knew that such matters had any relation to the case on trial. Appellant argues that the statement of the trial judge caused the juror "to depart from his own convictions and bring in a verdict of guilty when it was not in reality his verdict. He must have recalled then his misconduct regarding" the earlier case. It is impossible to discover in the facts stated any logical basis for appellant's conclusions. If the juror was biased, his bias was against the prosecution and in favor of the defendant. Had counsel for defendant known of the juror's prejudice against the witness for the prosecution, it is highly improbable that any challenge would have been interposed on behalf of defendant. The motion for a new trial was properly denied.

The judgment and the order are affirmed.

Plummer, J., and Hart, J., concurred.